THE STATE *ex rel.* NUSSBERGER, *Appellant,* v. CONNER.

1.  **Exemption from Execution** : PROVISIONS ON HAND FOR FAMILY USE. Groceries kept in store by a merchant as part of his stock in trade are not " provisions found on hand for family use " within the meaning of section 9 of the Execution Law, (Wag. Stat., p. 603,) which exempts such provisions from sale under execution against the head of a family.

2.  ——— : WAIVER OF IRREGULARITIES. Acceptance of property set apart by an officer upon a claim of exemption from execution waives any irregularities in the proceedings to ascertain the exemption.

*Appeal from Pettis Circuit Court.*—Hon. Wm. T. Wood,
Judge.

Affirmed.

This was an action against a constable and the sureties
in his official bond. The facts relied on for recovery were
as follows: The constable, having in his hands an execu-
tion against Nussberger, levied the same on a wagon and
set of harness and a stock of family groceries which Nuss-
berger then had in his grocery store. Nussberger was the
head of a family and lived in rooms at a distance from his
store. He had at his rooms no place for keeping provi-
sions, and was in the habit of taking them from his store
for family use as needed. When the levy was made, hav-
ing at his rooms no provisions except a few for immediate
consumption, he notified the constable that he claimed $100
worth of the groceries levied on as provisions on hand for
family use, and also that under section 11, of chapter 55,
Wagner's Statutes, he claimed the balance of said groceries
as exempt, in lieu of property enumerated as exempt under
the 1st and 2nd subdivisions of section 9 of said chapter,
and requested him to set off said $100 worth of groceries
as provisions, and to appraise the remainder, and if not
appraised at over $300, to release them to him, and if ap-
praised at over $300, to offer them for sale. The constable
appointed appraisers, who appraised the whole property at
$439.99. He then released $300 worth of the stock at its
appraised value, but refused to allow the claim for $100
worth as provisions on hand for family use. What was
retained was sold and the proceeds applied upon the exe-
cution. Nussberger received the portion released, and
within a few days, after due notice, sold it at public sale,
realizing $238 net by the sale. The breaches of the bond
alleged in this action were the refusal of the constable to
allow the claim for provisions on hand for family use, and
failure to pursue the statute in setting apart the portion

released, whereby, as plaintiff claimed, he was damaged in the sum of $62. There was a verdict and judgment for defendants, from which plaintiff appealed.

*E. J. Smith* and *S. A. Wardan* for appellant.

Plaintiff should have been allowed the $100 worth of groceries claimed as provisions found on hand for family use. The statute intends to exempt such provisions as are used in a family, and which the defendant in execution has on hand and from which he takes his provisions for the use of his family, no matter where kept. If it is held to embrace only provisions in a dwelling house or place set apart especially for keeping family stores, then one situated as relator could have no such exemption, because his house is too small to keep provisions in, and he has no place to keep them save in his store. Nor was it necessary that defendant should have set apart the goods claimed as exempt, or distinguished them from those kept for sale. It is only required that he have the "family provisions," and that he take from the same for the use of his family habitually as needed. This statute is to be liberally construed in favor of the families of poor defendants. *Megehe v. Draper*, 21 Mo. 510; *State v. Dill*, 60 Mo. 433. The constable did not follow the statute in making the release of the $300 worth. He should first have offered all the goods for sale. The defendant in execution is not bound, for his exemption, by the appraisement put on the goods by the constable's appraisers. Relator had a right, using due care as to time and costs, to sell the goods turned over to him by the constable, in order to ascertain the amount of damages he had sustained by reason of the failure of the latter to follow the law.

*Snoddy & Short* for respondents.

What is meant by the words, "found on hand for family use," are such provisions as have been procured and

provided for the sole purpose of being used and consumed by the family. If procured for the purpose of merchandise and to be sold in the regular course of business, the head of the family taking therefrom such articles as are needed for daily consumption, whereby he simply becomes the purchaser, as other customers, they cannot be provisions found on hand for family use. The $300 worth of goods set apart by the constable were accepted by Nussberger, and neither he nor the plaintiff in the execution required the same to be offered for sale, therefore, respondent complied with the spirit of the statute, and relator has nothing to complain of.

I.

SHERWOOD, C. J.—When owned by the head of a family, "all such provisions as may be found on hand for family use, not exceeding $100 in value," are exempt from execution. 1 Wag. Stat., p. 604, § 9. Were those in the case at bar thus exempt? We are of opinion that they were not, and for these reasons: That we do not regard the groceries which formed the relator's stock in trade, "found on hand for family use," within the purview of the statute. If the groceries, to the amount allowed by statute, had been segregated from the rest of the stock of provisions in relator's store, the protection of the statute might have been properly claimed, since the locality where the provisions were kept does not affect the question under discussion. As it was, however, the $100 worth of provisions which the relator requested the officer to set off to him, was no more "found on hand for family use," than any other $100 worth which composed the residue of relator's stock. A cause very similar in all its incidents to the present one, was passed upon in Massachusetts, whose statute exempts "provisions necessary, procured and intended for the use of the family," and it was held that the provisions were not exempted, because they "were procured and intended by the plaintiff as a stock in trade, for the purpose

of being sold by him, as well as for the use of his family."
*Nash v. Farrington*, 4 Allen 157. The point being considered must, therefore, be ruled against relator.

## II.

Respecting the $300 worth of groceries which relator claimed, they were appraised and set off to him at their appraised value, and he accepted and afterward sold them. If there were any irregularities in the acts of the officer in this regard; any failure to literally comply with the terms of section 13 of the act being discussed, in that he failed to offer the whole stock of groceries for sale, and then, if they failed to bring more than $300, to allow relator to retain them, it is enough to say that relator's acceptance and subsequent sale of the goods prevents him from taking advantage now of such alleged irregularity. The judgment is affirmed. All concur.